

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-22-2003

# McGorrian v. EMSA

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-1132

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"McGorrian v. EMSA" (2003). *2003 Decisions.* Paper 36.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/36

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 03-1132
_____

GRACE MCGORRIAN,

Appellant

v.

E.M.S.A.

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania

District Court Judge: The Honorable Robert J. Cindrich
(D.C. Civil No. 00-CV-01314)

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
October 22, 2003

Before: ALITO, FUENTES, and ROSENN, Circuit Judges.

(Opinion Filed: December 18, 2003)
_____

OPINION OF THE COURT
_____

FUENTES, Circuit Judge:

Grace McGorrian appeals the dismissal of her Title VII sex discrimination and retaliation claims. McGorrian is a board-certified psychiatrist who worked as an independent contractor for Appellee EMSA Correctional Care ("EMSA"), a contracted healthcare service provider at various correctional institutions. She claimed that she was terminated and not rehired by EMSA in its SCI-Greensburg facility because of her sex as well as in retaliation for threatening to pursue EEOC remedies, a protected activity under Title VII. Because we agree with the District Court that McGorrian failed to raise a genuine issue of material fact with respect to her discrimination claims, we affirm.

## I.

McGorrian was hired in 1997 by EMSA to cover weekend hours and vacation days of other psychiatrists employed by EMSA at SCI-Pittsburgh. Her hours at that facility were gradually eliminated starting in June 1998. McGorrian complained to the Health Services Administrator ("HSA") at SCI-Pittsburgh that the decision to cut her hours was based on gender and that she intended to sue EMSA for discrimination. These threats were relayed to Regis Dorsch, Regional Manager and administrator of the EMSA contracts from January 1997 to January 1999.

In August of 1998, McGorrian requested an EMSA employment application pursuant to an advertisement in the *Psychiatric News*. She returned the application to Michelle Sechen, a recruiter in EMSA's Florida office, indicating her interest in a part-time psychiatric position at SCI-Pittsburgh or SCI-Greensburg,. McGorrian was not,

2

however, hired by EMSA. Rather, when a position became available at SCI-Greensburg in September, Tracey Freeman, HSA at that facility, hired Dr. Amr Khalafallah, an independent contractor at SCI-Somerset.

McGorrian filed a claim in the United States District Court for the Western District of Pennsylvania, alleging two causes of action arising out of Title VII of the Civil Rights Act. At issue in this appeal is McGorrian's second charge that EMSA failed to hire her at SCI-Greensburg both because of her gender and in retaliation for her accusations of discrimination.[1] Specifically, she alleged that Dorsch harbored discriminatory and/or retaliatory animus toward her and failed to forward her application to SCI-Greensburg when he received it from the Florida recruiting facility.

EMSA requested summary judgment in the District Court, arguing that McGorrian cannot state a *prima facie* case of discrimination or retaliation. EMSA further argued that McGorrian cannot meet her ultimate burden of persuasion because she presents no evidence which refutes EMSA's proffered legitimate, non-discriminatory reasons for its failure to rehire her.

## II.

A motion for summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,

---

[1] McGorrian's first cause of action alleged that "Dr. McGorrian was terminated from her employment with EMSA on June 4, 1998 because of her sex, female, in violation of Title VII of the Civil Rights Act of 1964, 42 USC §2002(e)." On May 9, 2001, the court dismissed this cause of action, based on a finding that McGorrian was not an employee but an independent contractor and therefore not covered by the statute. No appeal was taken from that decision.

show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. In making this determination, the court must draw all reasonable inferences in favor of the non-movant. See Fuentes v. Perskie, 32 F.3d 759, 762 n.1 (3d Cir. 1994). We have jurisdiction to review the final order of the District Court pursuant to 28 USC §1291. Our review of a grant of summary judgment is plenary. See Curley v. Klem, 298 F.3d 271, 276 (3d Cir. 2002).

## III.

The District Court correctly recognized that McGorrian's Title VII claims follow the familiar burden shifting analysis set forth in McDonnell Douglas Corp. v. Green, 411 US 792 (1973). To survive summary judgment, a plaintiff must present a *prima facie* case of discrimination or retaliation. The burden then shifts to the employer to show a legitimate nondiscriminatory reason for its action. If the employer succeeds in doing so, the plaintiff must then offer evidence which would allow a reasonable fact-finder to determine that the given reasons are not believable, and a discriminatory purpose was more likely than not a motivating factor in the decision. Jones v. School Dist. of Philadelphia, 198 F.3d 403, 410 (3rd Cir. 1999). Here, McGorrian does not satisfy her burden.

In order to establish a *prima facie* case of retaliation, plaintiff must prove: (1) that she engaged in protected activity; (2) that the employer took an adverse employment action against her; and (3) that there was a causal connection between the protected

4

activity and the adverse employment action. Krouse v. American Sterilizer Co., 126 F.3d 494, 500 (3d Cir. 1997). The first and second prongs of McGorrian's *prima facie* case are not disputed by EMSA. To fulfill the third prong, McGorrian contends that the temporal proximity of her protected activity and the adverse employment action establishes a sufficient causal link.

The District Court correctly determined that no reasonable fact-finder could conclude that there was a causal connection between Dr. McGorrian's protected activity and EMSA's failure to rehire her to the September 1998 opening at SCI-Greensburg. This court has held that mere temporal proximity is insufficient to demonstrate a causal link between the two events. See Robinson v. City of Pittsburgh, 120 F.3d 1286, 1302 (3d Cir. 1997)[2] and there is no evidence in the record, aside from the two acts' temporal proximity and McGorrian's unsubstantiated beliefs, that supports her assertions. To the contrary, there is substantial evidence which undermines McGorrian's assertions of a causal nexus. McGorrian is correct in noting that the record shows that Appellant's

---

[2] 2001) citing Woodson v. Scott Paper Co., 109 F.3d 913, 920-21 (3d Cir.1997) noted that "[T]emporal proximity ... is sufficient to establish a causal link." However, this court explicitly confined that holding, originally articulated by this court in Jalil v. Avdel Corp., 873 F.2d 701, 708 (3d Cir. 1989), *cert. denied*, 493 US 1023, 110 S.Ct. 725, 107 L.Ed.2d 745 (1990) stating in Robinson, three months after the decision in Woodson, that timing alone can be sufficient, but only in a case with the "unusually suggestive facts" of Jalil in which proximity is so close as to demand a finding of causation. (The events precipitating Jalil's discharge began the day his employer received news of his EEOC claim). The mere fact that adverse employment action occurs after protected activity will ordinarily be insufficient to demonstrate a causal link between the two events. See Quiroga v. Hasbro, Inc, 934 F.2d 497, 501 (holding that, "[a]s a matter of fact," the timing of Quiroga's alleged constructive discharge was not independently sufficient to prove it was caused by his complaint). There is no evidence that Dorsch took any action immediately following his being notified of McGorrian's complaint. Thus, McGorrian's case "is not one of the extraordinary cases where the plaintiff can demonstrate causation simply by pointing to the timing of the allegedly retaliatory action." Robinson, 120 F.3d at 1302.

5

application was forwarded by Sechen from EMSA's recruiting facility in Florida to the Regional Office in Western Pennsylvania in September of 1998. Dorsch, alleged possessor of retaliatory animus, did not, however, know of McGorrian's application until the commencement of this action, and Freeman, who was in charge of the hiring process at SCI-Greensburg at that time, knew nothing of Appellant's charges of discrimination, or even of her application for a position at SCI-Greensburg. In fact, as a general practice, Freeman did not involve Dorsch or anyone in the Florida recruiting facility in her hiring decisions, and this instance was no different. Freeman made the decision to hire Dr. Khalafallah on her own, without informing Dorsch or Sechen about the vacancy or soliciting their assistance or advice.

In short, there is no evidence that Dorsch was at all involved in the hiring decision at issue here, and there is no evidence that Freeman, who made the decision to hire Dr. Khalafallah, harbored any retaliatory animus towards McGorrian or had her decision affected in any way by Dorsch. These facts pry open a substantial gap in any causal chain suggested by temporal proximity. Because McGorrian has failed to present evidence of a causal connection between her complaint and Freeman's failure to hire her, she has failed to make out a *prima facie* case that there was retaliation.

## IV.

McGorrian correctly notes that the district court did not specifically address Appellant's sex discrimination allegations. However, on the record before us, we find that no reasonable fact-finder could conclude that Freeman's failure to hire McGorrian

6

was motivated by discriminatory animus. We need not reach the issue of whether Appellant successfully presented a *prima facie* case because we find that even if one had been presented, McGorrian does not provide any evidence to undermine EMSA's very straightforward legitimate, non-discriminatory reason for its failure to hire McGorrian: Freeman, the person singularly responsible for making hiring decisions, did not know of McGorrian's employment application when a position was available.

McGorrian's attempts to discredit this explanation are ultimately not persuasive. She has not pointed to any implausibilities, inconsistencies, contradictions or incoherence in this explanation, nor does the record itself suggest any such problems. She argues that Freeman's ignorance does not absolve EMSA because although Dorsch was not the ultimate decision-maker, he deliberately withheld her application from Freeman to influence her hiring decision. Dorsch testified, however, that he did not know of McGorrian's application or even of the vacancy at SCI-Greensburg. Furthermore, as noted above, Freeman made the decision to hire Dr. Khallafallah without reviewing any applications forwarded from Florida and without notifying Sechen or Dorsch of the vacancy. Freeman's failure to consider McGorrian for the position, therefore, was not due to any oversight on Dorsch's part, intentional or otherwise.

To survive summary judgment, Appellant must come forward with evidence to show that EMSA's proffered reason for their failure to hire her was mere pretext, and that the decision was truly motivated by discriminatory animus, and she fails to do so.

**V.**

7

After carefully considering the arguments discussed above and all other arguments advanced by the Appellant in support of her assertion that the District Court erred in dismissing her claims in their entirety, we affirm the District Court's decision.

TO THE CLERK OF THE COURT:

Kindly file the foregoing Opinion.

        /s/ Julio M. Fuentes
              Circuit Judge